THE COMMONWEALTH *v.* JOHN GILL.

Criminal Law—Tippling House—License Transferred.

Garriot having obtained a license to retail spirituous liquors in a certain house and not choosing to exercise the privilege himself gave it to the appellee, who was indicted for retailing under that license. Held that the appellee had not violated the law against retailing spirituous liquor without a license.

APPEAL FROM TRIMBLE CIRCUIT COURT.

December 5, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON.

E. M. Garriot having obtained a license to keep a tavern, which authorized him to retail spirituous liquors and not choosing to exercise that privilege himself, gave it to the appellee John Gill, who, for retailing under that license, was indicted for keeping a tippling house.

He pleaded the authority thus granted to him by Garriot under his license. And, on that issue, which the circuit court adjudged upon rendered judgment in his favor.

As the retailing was in a room covered by Garriot's license, it seems to this court that the judgment is right. Although Garriot testified that he had no interest in the profits and charged nothing for the privilege granted to the appellee, yet being, as he was, responsible on his bond for the conduct of the appellee as his gratuitous agent, the latter did not retail without lawful license and was therefore not fineable for the mere act of selling liquors by retail, nor was thereby guilty of keeping a tippling house. And this was substantially so adjudged by this court in the late unreported case of the Commonwealth vs. Neal.

Wherefore, the judgment is affirmed.

(See Vol. 1, Ky. Opin., 79.)

*Attorney General, for appellant.*